504 So.2d 752 (1987)
THE FLORIDA BAR, Complainant,
v.
Daniel O. PALMER, Respondent.
No. 69115.
Supreme Court of Florida.
March 26, 1987.
PER CURIAM.
This bar disciplinary proceeding is before us upon the complaint of The Florida Bar and the uncontested report of the referee. We have jurisdiction. Art. V, § 15, Fla. Const.
The referee found that Kathryn Goethe retained Palmer to represent her as plaintiff on a contingent fee basis in a personal injury action. Thereafter, Palmer did not contact Mrs. Goethe for six months. He then falsely told her the case had been delayed because of a change in opposing counsel. He agreed to send her copies of court documents but failed to do so. When Mrs. Goethe expressed concern over the running of the statute of limitations, he assured her that he had already filed suit when, in fact, he had not done so. Later he lied to her concerning the securing of court dates. Finally, he falsely told her that the case had been settled out of court and that the settlement check was in the mail. Mrs. Goethe later learned that her suit had never been filed, that no settlement had ever been negotiated, and that her cause of action had been foreclosed by the running of the statute of limitations. The referee found Palmer guilty of violating various provisions of the former Code of Professional Responsibility and made the following recommendations concerning punishment:
IV. A. I recommend that Respondent be found guilty of misconduct justifying disciplinary measure, and that he be disciplined by:
1. Suspension from the practice of law for a period of eight (8) months, and that he be required to demonstrate with other appropriate attributes, his rehabilitation, by satisfactorily passing the written examination relating to ethics administered by the Florida Board of Bar Examiners.
2. I would recommend the payment of cost.
V. Mitigating Factors

Prior to recommending discipline pursuant to Article XI, Rule 11.06(9)(a)(4), I considered the following:
A. There has not been any prior disciplinary problem involving the Respondent.
B. He borrowed $10,000.00 on his own which was paid to said Kathryn Goethe in apparent satisfaction of her claim. He is remorseful.
The Referee sympathizes with Respondent because of the illness and death of his mother during the violations, supra, but does not consider this personal plight and loss a mitigating factor.
Upon consideration, we approve the report of the referee. Daniel O. Palmer is hereby suspended from the practice of law in Florida for a period of eight months. Before resuming the practice of law he must satisfactorily pass the written examination *753 relating to ethics administered by The Florida Bar Board of Bar Examiners. Palmer is allowed thirty days from the date of this opinion to wind up his practice and attend to the protection of his present clients but shall accept no new business from the date of this opinion. Judgment for costs in the amount of $992.71 is hereby entered in favor of the bar and against Palmer, for which sum let execution issue.
It is so ordered,
McDONALD, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.