597 So.2d 796 (1992)
THE FLORIDA BAR, Complainant,
v.
James A. BAZLEY, Jr., Respondent.
No. 77999.
Supreme Court of Florida.
April 30, 1992.
John F. Harkness, Jr., Executive Director, John T. Berry, Staff Counsel and James N. Watson, Jr., Bar Counsel, Tallahassee, for complainant.
James A. Bazley, in pro. per.
PER CURIAM.
This disciplinary proceeding against James A. Bazley, Jr., is before us on the petition of The Florida Bar for review of the referee's recommendation that Bazley be suspended from the practice of law for thirty days. The Bar asks this Court to increase the penalty from a thirty-day suspension to an eighteen-month suspension. We agree with the Bar that the discipline, under these facts, should be increased, but find that the appropriate discipline is a suspension for eight months.
The referee made the following findings:
2. In August 1987, Respondent agreed to represent THOMAS R. MANGAN in regards to an injury MANGAN suffered while working for Good Housekeeping Gas Company. (Admission "B")
3. Respondent orally agreed to represent MANGAN for a 25% contingency fee in his lawsuit against Good Housekeeping Gas Co. (Admission "C")
4. Respondent received the facts of the injury and determined there was a basis for a civil suit and so informed his client, MANGAN. (Admission "D")
5. In late 1987, Respondent subsequently determined Workmen's Compensation was a bar to any civil action for MANGAN'S injury. (Admission "E")
6. Respondent failed to notify MANGAN of his determination that there was no basis for a civil action. (Admission "F")
7. From August, 1987, until early 1990, Respondent misled MANGAN as to the status of the suit. (Admission "G")
8. Respondent misrepresented to MANGAN that he had filed suit against Good Housekeeping Gas Co., and that the matter was being pursued. (Admission "H")
9. In June, 1990, Respondent told MANGAN that he had won the lawsuit and received a Judgment against Good Housekeeping Gas Co., for $14,500.00. (Admission "I")
10. From June to August, 1990, Respondent misrepresented to MANGAN he was attempting to execute on the Judgment. (Admission "J")
11. In mid-August, 1990, Respondent told MANGAN he was finalizing his collection efforts on the Judgment. (Admission "K")
12. During the period from August to November, 1990, Respondent advanced MANGAN payments on the Judgment totalling $2375.00. (Admission "L")
13. In October/November, 1990, Respondent admitted to MANGAN there had never been a suit filed against Good Housekeeping Gas Co., and there never was a Judgment. (Admission "M")

*797 14. Respondent felt he owed MANGAN some compensation for his inaction and agreed to pay MANGAN the amount of the fictitious Judgment less his 25% contingency fee or $10,875.00. (Admission "N")
15. Respondent later executed a promissory note in favor of MANGAN for $9,000.00 representing the balance owed on November 15, 1990. This note was for settlement of all claims by MANGAN against Respondent. (Admission "O")
16. Respondent has failed to return MANGAN's file, records and medical documents to him as requested. Such action has prejudiced MANGAN. (Admission "P")
The Respondent has admitted the truth of all allegations in the Complaint and has admitted his guilt.
I further find that the Respondent was admitted to practice law in November of 1985 and practiced as a sole practitioner until approximately September of 1988. Thereafter, he was associated with another attorney until December of 1990 and has practiced as a sole practitioner thereafter until today's date.
The referee found that Bazley's misconduct violated Rules Regulating The Florida Bar 4-1.1 (competence); 4-1.3 (diligence); 4-1.4(a) (keeping client reasonably informed); 4-1.16(b)(1)-(6) (withdrawal from representing a client); and 4-8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation). The referee recommended that Bazley "receive a public reprimand, be suspended for thirty days, and be placed on probation for a period of eighteen months as provided in Rules 3-5.1(c) and 3-5.1(d), Rules of Discipline [of the Rules Regulating The Florida Bar]." In recommending this discipline, the referee considered that Bazley: (1) had a prior private reprimand for neglect of a matter, although at the time of the mistake he was relatively inexperienced; (2) did not have the benefit of a supervising attorney or associate with whom he could consult; (3) was, by his own admission, drinking heavily during the period in question; (4) caused no injury as a result of his conduct since the client received money that he could not have received through a negligence suit; (5) was remorseful; and (6) was receiving treatment for his alcohol abuse.
The Bar argues that the referee's recommended penalty is inappropriate in view of Bazley's prior misconduct and the discipline in a similar case, The Florida Bar v. Palmer, 504 So.2d 752 (Fla. 1987). In Palmer, we approved a referee's order suspending a lawyer for eight months on almost identical facts. In Palmer,
[t]he referee found that Kathryn Goethe retained Palmer to represent her as plaintiff on a contingency fee basis in a personal injury action. Thereafter, Palmer did not contact Mrs. Goethe for six months. He then falsely told her the case had been delayed because of a change in opposing counsel. He agreed to send her copies of court documents but failed to do so. When Mrs. Goethe expressed concern over the running of the statute of limitations, he assured her that he had already filed suit when, in fact, he had not done so. Later he lied to her concerning the securing of court dates. Finally, he falsely told her that the case had been settled out of court and that the settlement check was in the mail. Mrs. Goethe later learned that her suit had never been filed, that no settlement had ever been negotiated, and that her cause of action had been foreclosed by the running of the statute of limitations. The referee found Palmer guilty of violating various provisions of the former Code of Professional Responsibility. .. .
Id. at 752. In recommending that Palmer be suspended, the referee considered the following:
A. There has not been any prior disciplinary problem involving the Respondent.
B. He borrowed $10,000 on his own which was paid to said Kathryn Goethe in apparent satisfaction of her claim. He is remorseful.
The Referee sympathizes with Respondent because of the illness and death of his mother during the violations ... but *798 does not consider this personal plight and loss a mitigating factor.
Id. We approved the findings and recommendations of the referee and suspended Palmer for eight months.
We find that Palmer is persuasive authority, particularly because of the very similar factual situation. Upon a full consideration of the facts and a review of this record, we agree that Bazley's misconduct warrants a greater discipline than a thirty-day suspension.
Accordingly, James A. Bazley is hereby suspended from the practice of law in Florida for a period of eight months. After reinstatement, Bazley shall be placed on probation for eighteen months on the following terms: (1) that he pass the ethics portion of The Florida Bar; (2) that he file semiannual caseload status reports with the Bar Counsel; and (3) that he participate in an alcohol abuse program as recommended by The Florida Bar Alcoholics Recovery Program. Bazley is suspended effective June 1, 1992, to allow thirty days to wind up his practice and attend to the protection of his present clients, but he shall accept no new business from the date of this opinion. Judgment for costs in the amount of $1,165.82 is hereby entered in favor of the Bar and against Bazley, for which sum let execution issue.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, BARKETT, GRIMES, KOGAN and HARDING, JJ., concur.