684 So.2d 806 (1996)
THE FLORIDA BAR, Complainant,
v.
Robert Scott KAUFMAN, Respondent.
No. 83985.
Supreme Court of Florida.
December 19, 1996.
*807 John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and Randi Klayman Lazarus, Miami, for Complainant.
Robert S. Kaufman, Coral Gables, pro se.
PER CURIAM.
We have for review the complaint of The Florida Bar and the referee's report regarding alleged ethical breaches by Robert Scott Kaufman. We have jurisdiction pursuant to article V, section 15 of the Florida Constitution.
The Florida Bar filed a complaint against Kaufman based upon his conduct in a civil proceeding against him. When Kaufman filed an action as landlord against two tenants to recover possession of leased premises, the tenants filed a counterclaim alleging liability for defamation and severe emotional distress. The tenants prevailed on the counterclaim and the court entered judgment against Kaufman for more than $333,000 and attorney's fees. The tenants commenced supplementary proceedings to collect on the judgment. During the course of those supplementary proceedings, Kaufman engaged in tactics to thwart discovery of his assets by testifying falsely about his assets and their whereabouts, by transferring assets to another account, and by dissipating his assets. The judge who presided over the supplementary proceedings issued an order detailing Kaufman's efforts to hinder the judicial process and hide his assets from the court.
Based upon this conduct, the Bar filed a complaint against Kaufman on July 8, 1994, alleging violation of the following Rules Regulating the Florida Bar: 4-3.3(a)(1) (lawyer shall not knowingly make a false statement of material fact or law to a tribunal); 4-3.4(a) (lawyer shall not unlawfully obstruct another party's access to evidence or otherwise unlawfully alter, destroy or conceal a document or other material that the lawyer knows or reasonably should know is relevant to a pending or a reasonably foreseeable proceeding; nor counsel or assist another person to do any such act); 4-8.4(a) (lawyer shall not violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another); 4-8.4(c) (lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation); and 4-8.4(d) (lawyer shall not engage in conduct that is prejudicial to the administration of justice). The Bar served Kaufman with a request for admissions at the same time.
A referee was appointed July 21. The Bar served Kaufman with interrogatories and requests for production on August 4. On August 28, Kaufman filed motions requesting that the referee be disqualified, that a referee outside the Eleventh Judicial Circuit be appointed, that Bar counsel be disqualified, and that Kaufman be granted an extension until October 1 to respond to the Bar's filings. Thereafter, the referee disqualified himself and Circuit Judge Amy Steele Donner was appointed referee.
*808 During an October 11, 1994, status conference the referee considered the Bar's motion for entry of default judgment and a motion for an order deeming matters admitted because Kaufman had not responded to the Bar's complaint or request for admissions. The referee denied both motions when Kaufman presented the Bar with his answer and responses to the request for admissions at the status conference. The referee also denied Kaufman's motion to disqualify Bar counsel after hearing argument. The referee ordered Kaufman to respond to the Bar's August 4 discovery request by October 21. These rulings were reflected in the referee's written order issued on October 13. The referee also set final hearing for December 14.
Despite the referee's order requiring discovery responses by the date certain of October 21, Kaufman's responses were filed on October 24. On November 7, the Bar filed a second request for default judgment, arguing that Kaufman had engaged in a pattern of noncompliance with deadlines which culminated in the late filing of his discovery responses even though the referee had granted him additional time. In his response, Kaufman argued that he had ten days from the date of the referee's order to respond.
A hearing was held before the referee on December 5. Kaufman filed a second motion to disqualify Bar counsel and a motion to continue the scheduled December 14 final hearing due to his "partial heart disability" and an "ear-caused disability." The only documentation of these health problems was a 1991 letter from Kaufman's cardiologist. The referee granted the Bar's request for entry of a default judgment, denied Kaufman's request to disqualify Bar counsel, and ordered a psychiatric evaluation within ten days to determine whether Kaufman was competent to proceed in the Bar matter. The referee deferred a decision on Kaufman's request for a continuance pending the outcome of the evaluation.
On December 15, Kaufman filed motions to set aside the default judgment, to disqualify the referee, and to either extend the time for response to the Bar's discovery request or "resettle" the referee's October 13 order. The referee subsequently denied all of these motions. In February 1995, the psychiatrist reported that Kaufman was competent to proceed in the Bar matter.
When the final hearing regarding discipline was scheduled, Kaufman requested and received a continuance until September 14, 1995; a second request for continuance was not granted. On Monday September 11, the referee's office contacted the parties and advised them that final hearing had been rescheduled for September 13 due to an unexpected opening in the referee's calendar.
Kaufman did not attend the September 13 hearing. The referee stated on the record that Kaufman had been contacted and indicated that he would not attend, but that he intended to send a fax prior to the hearing. The faxed letter arrived during the hearing and the referee read it aloud on the record. In the letter Kaufman acknowledged telephonic notice of the changed hearing date and offered a number of reasons why the hearing should not be held, including that: he would be "another helpless Flu victim for a couple of months" as stated in an earlier motion for a continuance that the referee had denied; he had not been given ten days written notice as to the rescheduled hearing date; he did not have "omnipotent control" over his witnesses; and other allegations regarding the judge who presided over the underlying civil proceeding, including charges that the judge had manipulated the Bar proceeding.
During the final hearing, the Bar presented testimony of two Bar members regarding aggravation. One attorney testified that Kaufman had filed numerous baseless accusations in court documents and in letters to two judges regarding the underlying civil suit. The other attorney testified that Kaufman hid his assets, lied about his assets, and obstructed efforts to collect the judgment against him. The Bar also introduced Kaufman's disciplinary history, which includes a private reprimand in 1967, a two-year probation in 1977, and a public reprimand in 1992.
At the conclusion of the hearing, the referee noted that Kaufman had requested various continuances based upon alleged physical *809 infirmities which were accompanied by unsworn doctor statements that did not coincide with the pleadings and which would have required three to six month delays in every proceeding held. The referee also noted that she had been "subjected to the numerous confusing, almost unintelligible pleadings" submitted by Kaufman and had even ordered a psychiatric evaluation of him before continuing with the Bar proceeding. The referee concluded that Kaufman's "blatant and bizarre behavior in this case" warranted disbarment and that he should be required to prove both ethical and psychiatric rehabilitation before being readmitted to the Bar.
The referee's report noted that even though a default judgment was entered against Kaufman, the Bar presented testimony that established by clear and convincing evidence the facts alleged in the complaint. The referee recommended that Kaufman be found guilty of the violations alleged in the Bar's complaint and that he be disbarred without leave to reapply for ten years. The referee attached to her report portions of the hearing transcript to "more fully set forth the rationale for my conclusions."
Kaufman has filed a petition seeking review of the referee's report. Kaufman alleges that the referee denied him procedural due process and a fair hearing, that the referee had ex parte meetings with the judge who presided over his civil proceeding, that Bar counsel, with the referee's complicity, stripped and removed certain exhibits from the record. He also raises allegations of improper behavior by the judges and attorneys in the previous civil proceedings against him.
The record in this case supports the referee's findings of fact and conclusions of law. See Florida Bar v. Vannier, 498 So.2d 896, 898 (Fla.1986) (referee's findings of fact regarding guilt carry a presumption of correctness that should be upheld unless clearly erroneous or without support in the record). The order issued by the judge in the underlying civil proceeding documents Kaufman's efforts to conceal his assets and avoid payment of the judgment entered against him. He engaged in fraud, perjury, and deception to conceal his assets. Thus, there is no real issue regarding the substance of the Bar's complaint against Kaufman. Kaufman instead raises several procedural due process claims.
First, Kaufman argues that the referee erred in entering a default judgment against him without executing express written findings of willful and deliberate noncompliance with her discovery order and cites this Court's decision in Commonwealth Federal Savings & Loan Ass'n v. Tubero, 569 So.2d 1271 (Fla.1990), in support. In Tubero, we stated that an express written finding of willful or deliberate refusal to obey a court's discovery order is required before sanctions can be imposed under Florida Rule of Civil Procedure 1.380. While the civil rules generally apply to proceedings before a referee, see Rule Regulating the Florida Bar 3-7.6(e), we find Tubero inapplicable to this Bar disciplinary proceeding as this Court bears the ultimate responsibility to enter an appropriate judgment. See Florida Bar re Inglis, 471 So.2d 38, 41 (Fla.1985).
While the referee's order did not contain written findings of deliberate refusal to obey the discovery order, the referee made such findings at the hearing where the default judgment was entered. The referee cited a number of Kaufman's statements as evidence of his willful noncompliance, including a belief that the rules are just technical and that the rule deadlines need not be followed. These findings are supported by the record, including Kaufman's own statements at the hearing and at the previous status conference.
Kaufman's previous actions in the disciplinary proceedings also support the referee's conclusion that his noncompliance was deliberate. For months Kaufman ignored the Bar's complaint, the request for admissions, and the discovery requests. Even when Kaufman moved for an extension of time in which to respond to the discovery request, he never set that motion for hearing and did not even keep his own requested extension date. In fact, he did not even respond to the complaint until the Bar filed its first motion for entry of default judgment. At that hearing, Kaufman stated his belief *810 that deadlines are simply directory. In spite of these actions and statements, the referee did not grant the Bar's first request for a default judgment and instead ordered Kaufman to provide discovery by October 21. Only when Kaufman failed to meet that deadline did the referee enter a default judgment against him.
In light of these facts, we do not find the default judgment to be invalid or an abuse of Kaufman's due process rights. Moreover, even though a default judgment was entered against Kaufman, we find competent, substantial evidence to support the referee's findings of fact and recommendations of guilt.
Kaufman's second issue involves the final hearing as to discipline. The original September 14 date would have required the hearing to begin late in the day after the referee completed another proceeding. When the September 13 date opened on the referee's calendar, she rescheduled the hearing during normal working hours. Kaufman argues that the referee abused her discretion in rescheduling the hearing without giving him ten days written notice. Kaufman admits that he received proper notice of the original date and was notified personally of the changed date. He refused to participate in the proceeding and only faxed his objections after the hearing had commenced. We find no due process violation under these facts.
Finding no due process violations, we approve the referee's findings of fact and recommendations of guilt. We also agree with the referee that disbarment is the appropriate sanction here. See Fla. Stds. Imposing Law. Sancs. 5.11(f), 6.11(a) (disbarment is appropriate when lawyer engages in intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on the lawyer's fitness to practice; disbarment is appropriate when lawyer, with intent to deceive court, knowingly makes a false statement or submits a false document). However, we do not agree with the referee that disbarment for ten years is appropriate in this case. Instead, as provided by rule 3-5.1(f), Kaufman may not tender an application for admission within five years after the date of his disbarment.
Robert Scott Kaufman is hereby disbarred from the practice of law. Upon the filing of this opinion, Kaufman shall accept no new business. The disbarment will be effective thirty days from the date of this opinion so that Kaufman can close out his practice and protect the interests of existing clients. After that date, Kaufman is enjoined and prohibited from the practice of law in this state. Judgment is entered against Kaufman in favor of The Florida Bar for costs in the amount of $1,503.73, for which sum let execution issue.
It is so ordered.
OVERTON, SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.