687 So.2d 296 (1997)
WESTWOOD COMMUNITY TWO ASSOCIATION, INC., etc., Appellant,
v.
John L. LEWIS and Peter C. Martin, Appellees.
No. 96-0342.
District Court of Appeal of Florida, Fourth District.
January 22, 1997.
Rehearing and Clarification Denied February 27, 1997.
*297 Edward Klein and Ralph E. Burns, Fort Lauderdale, for appellant.
Sandra J. Babey of White & Coughlin, P.A., Coral Springs, for appellees.
PER CURIAM.
Appellant, a homeowner's association, appeals from an adverse summary judgment in favor of appellees, who are homeowners in the Westwood community. The homeowners filed suit against the association to enforce the familial status provisions of the Florida Fair Housing Act, sections 760.20-.37, Florida Statutes. The trial court agreed with appellees that the association was without the authority to enact an amendment exempting itself from the provisions of the Fair Housing Act, and enjoined the association from representing that the community qualifies as "housing for older persons" and that residents must be 55 years of age or older, and from further violating the Fair Housing Act. We affirm.
The declaration of restrictions, recorded in 1972, provided in paragraph six that the use of land in the Westwood community was restricted to permanent residents sixteen years of age or older. In 1989, the Legislature amended the Fair Housing Act to prevent discrimination based on "familial status," thereby nullifying the declaration's age restriction. See §§ 760.22-.29. In response, the Westwood homeowner's association amended its by-laws in an attempt to fit within the "housing for older persons" exemption to the familial status provisions of the Fair Housing Act. However, the Westwood declaration of restrictions provides in paragraph 15 as follows:
The foregoing covenants, restrictions, reservations and servitudes shall be considered and construed as covenants, restrictions, reservations and servitudes running with the land, and the same shall bind all persons claiming ownership or use of any portion of said land until the first day of March, 2022.
Although the association's by-laws provide for amendment of the by-laws, they also specifically state that "[n]o amendment shall be made which is in conflict with the Declaration of Restrictions."
Unlike the cases relied on by the association, e.g., Holiday Pines Property Owners Ass'n v. Wetherington, 596 So.2d 84 (Fla. 4th DCA 1992), Westwood's declaration of restrictions did not reserve to the association the right to amend the covenants or provide for amendment of the covenants by a vote of lot owners. Thus, in amending its by-laws, the association was exercising authority it did not have. See Brookridge Community Property Owners, Inc. v. Brookridge, Inc., 573 So.2d 972 (Fla. 5th DCA 1991); Blue Reef Holding Corp. v. Coyne, 645 So.2d 1053 (Fla. 4th DCA 1994); cf. Rogers v. Windmill Pointe Village Club Ass'n, 967 F.2d 525, 526-27 (11th Cir.1992).
In addition, the authority relied upon by the association, Seniors Civil Liberties Ass'n v. Kemp, 965 F.2d 1030 (11th Cir.1992), and Massaro v. Mainlands Section 1 & 2 Civic Ass'n, 3 F.3d 1472 (11th Cir.1993), cert. denied, ___ U.S. ___, 115 S.Ct. 56, 130 L.Ed.2d 15 (1994), does not support the contention *298 that the association should be allowed to amend its declaration of restrictions to come within the "housing for older persons" exemption.[1] Contrary to the association's argument, it cannot amend its declaration of restrictions simply because the Fair Housing Act voided its previous age restriction. As the Eleventh Circuit stated in Massaro, "[t]he declaration's restrictions on residency by children cannot show that the community intended its housing to be for older persons because then any policy against families would suffice for the exemption, swallowing the rule against such discrimination." Massaro, 3 F.3d at 1479. Therefore, the trial court properly entered summary final judgment in favor of the appellees.
Affirmed.
WARNER and KLEIN, JJ., and HAZOURI, FREDERICK A., Associate Judge, concur.
NOTES
[1] Seniors Civil Liberties Ass'n did not involve amendments to a declaration of restrictions. Massaro is also distinguishable. In that case, the homeowner's association was raising its inability to amend an age restriction before a certain date pursuant to the declaration of restrictions as an explanation for its failure to meet the requisite burden under the Federal Fair Housing Act to come within the "housing for older persons" exemption. Massaro, 3 F.3d at 1479-80. Thus, Massaro did not address the validity or enforceability of a by-law enacted prior to the date after which the declaration of restrictions could be amended.