690 So.2d 1284 (1997)
THE FLORIDA BAR, Complainant,
v.
Robert H. LECZNAR, Respondent.
No. 85862.
Supreme Court of Florida.
March 27, 1997.
*1285 David R. Ristoff, Branch Staff Counsel, Tampa, for Complainant.
Scott K. Tozian of Smith and Tozian, P.A., Tampa, for Respondent.
PER CURIAM.
We have for review the complaint of The Florida Bar (the Bar) and the referee's report regarding alleged ethical breaches by Robert H. Lecznar. We have jurisdiction. Art. V, § 15, Fla. Const.
The parties stipulated to the following facts as set out in the referee's report:
According to the Stipulation of Facts, Harold E. Leighty and Mary Leighty retained Respondent to represent them in actions for damages as a result of permanent injuries suffered by Mary Leighty in two automobile accidents which occurred on September 23, 1986, and September 9, 1987. While Respondent was aware that the Leightys had uninsured motorist coverage with Colonial Penn Insurance Company which was in effect at the time of the accidents, he neglected to name Colonial Penn as a party defendant in either personal injury suit which he filed against the at-fault drivers on behalf of the Leightys. Respondent also neglected to negotiate a settlement with Colonial Penn on the Leightys' uninsured motorist claims. Both personal injury lawsuits were dismissed for lack of prosecution.
At the time Respondent accepted the representation, he knew, or should have known, that Florida statutes provide for a five-year Statute of Limitations with respect to any legal or equitable action on a contract, obligation, or liability founded upon a written instrument. As a result of the dismissal of the personal injury suits and Respondent's failure to negotiate a settlement with Colonial Penn during the statutory time limits, the Leightys lost the opportunity to obtain recovery from the responsible parties.
During the course of the representation, the Leightys met with Respondent on several occasions and spoke with him by telephone regarding the status of their personal injury claims. In 1994, after the statutory time limits had expired, Respondent represented to the Leightys that mediations on their personal injury claims had been scheduled; however no mediations were actually held. Although Respondent repeatedly assured the Leightys from approximately November 1987 through July 1994 that litigation was progressing, upon checking with Colonial Penn in July 1994 on the status of their claims, the Leightys learned that their case had been closed in 1992. Thereafter, the Leightys terminated Respondent's representation and retained another attorney. Harold and Mary Leighty subsequently learned that due to Respondent's failure to timely pursue the personal injury claims, they would be unable to recover from Colonial Penn due to the expiration of the five-year Statute of Limitations.
The parties further stipulated that Lecznar's conduct violated four Rules of Professional Conduct. For each violation, the referee made findings relating to aggravating and mitigating circumstances and made recommendations concerning discipline:
VIOLATION OF RULE 4-1.1
According to Rule 4-1.1, a lawyer shall provide competent representation to a client. The Referee finds that Respondent's failure to name Colonial Penn as a party defendant in the personal injury lawsuits within the statutory time limitation was a violation of this Rule. Absent aggravating or mitigating circumstances, when a lawyer demonstrates such failure to understand relevant legal doctrines or procedures and causes injury or potential injury to a client, public reprimand is appropriate. However, the Referee is obligated *1286 to consider mitigating and aggravating circumstances, Respondent's mental state, and the injury caused to the Leightys in determining the appropriate recommended sanction.
As an aggravating factor, the Referee considers Respondent's August 1994 public admonishment for failure to keep a client reasonably informed about the status of a lawsuit. However, the Referee also finds that Respondent's involvement in the legal services plan and the loss of his paralegal demonstrates that Respondent had no dishonest or selfish motive, but rather mismanaged his workload at the time the Leightys' lawsuits were pending. Respondent's cooperative attitude toward this proceeding as evidenced by the Stipulation of Facts is of considerable significance, as such action conserves the time and resources of both The Florida Bar and the Referee. Additionally, the Referee finds it significant that Respondent intends to rehabilitate his professional procedures by consulting with an efficiency expert, and has since withdrawn from the legal services plan. Regarding Respondent's character and reputation, the Referee considers Judge Marcia Bishop Glisson's unsworn testimony that Respondent's reputation for ethical behavior is favorable. Furthermore, the Referee takes into account attorney Ed Garrabrants' unsworn statement that he has confidence in Respondent's professional abilities and believes Respondent to have an affirmative reputation for ethics. As for the injury to the client, the Referee acknowledges that the Leightys were unable to pursue their claim due to Respondent's inaction. Although Respondent is compensating the Leightys for their loss pursuant to a Joint Stipulation and Settlement Agreement, such a compelled restitution agreement is neither mitigating nor aggravating. After considering the above factors, the Referee recommends that Respondent be publicly reprimanded for violation of Rule 4-1.1.
VIOLATION OF RULE 4-1.3
A lawyer shall act with reasonable diligence and promptness in representing a client pursuant to Rule 4-1.3. The Referee finds that Respondent's representations through July 1994 to the Leightys that the litigation of their claims were progressing, although the cases against the at-fault drivers had been dismissed in 1992 and the Statute of Limitations had expired, constitutes a lack of diligence. Absent mitigating or aggravating circumstances, when a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client, suspension is appropriate. However, the Referee shall also weigh the mitigating and aggravating circumstances, Respondent's mental state, and the injury caused to the Leightys in determining the appropriate sanction.
Respondent's August 1994 public admonishment for failure to keep a client reasonably informed is an aggravating factor the court considers. As to Respondent's mental state during the pendency of the Leighty's lawsuits the Referee finds that although Respondent failed to diligently file a timely claim against Colonial Penn, his office mismanagement, participation in the legal services plan, and lack of office assistance demonstrate that Defendant unintentionally neglected his clients' matters. The Referee weighs as mitigating factors both Judge Glisson's statement that she knew Respondent to be a prepared and diligent attorney during her dealings with him and Mr. Garrabrants' testimony that Respondent is a forthright and vigorous advocate for his clients. Again, as to the injury to the client, the Referee finds that Respondent's lack of diligence prevented the Leightys from seeking relief against the appropriate party. However, after considering all of the above, the Referee recommends that Respondent be publicly reprimanded for violation of Rule 4-1.3.
VIOLATION OF RULE 4-1.4(A)
Rule 4-1.4[a] provides that a lawyer shall keep a client reasonably informed about the status of a matter and shall promptly respond to the client's reasonable requests for information. The Referee finds that Respondent's failure to inform *1287 the Leightys that the Statute of Limitations had run on their claim constitutes a violation of this Rule. As noted above, Respondent was publicly admonished for violation of this Rule in 1994. Public reprimands are imposed on lawyers who have been disciplined and engage in the same or similar acts of misconduct. However, the Referee is obligated to consider mitigating and aggravating circumstances, Respondent's mental state and the injury caused to the Leightys in determining the appropriate recommended sanction.
While taking into account that Respondent has been previously disciplined for violation of this Rule, the Referee finds that Respondent's office mismanagement was the primary reason for his failure to keep the Leightys informed of the progress of their legal matters. His remorse and expressed intention to reorganize his office procedures indicate that Respondent genuinely desires to rehabilitate his practice. The Referee finds the fact that Respondent is a sole practitioner in a small community to be significant. As a suspension would only set back his practice even further, and possibly cause irreparable harm to his current clients with pending lawsuits, the Referee recommends a public reprimand for violation of Rule 4-1.4(a).
VIOLATION OF RULE 4-1.4(B)
A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation pursuant to Rule 4-1.4(b). The Referee finds that Respondent's assurances to the Leightys that litigation was progressing on their claims although almost two years had passed since the original lawsuits had been dismissed were a violation of this Rule. Absent aggravating or mitigating circumstances, suspension is appropriate when a lawyer knowingly deceives a client and causes injury or potential injury to the client. However, mitigating and aggravating circumstances, Respondent's mental state, and the injury caused to the Leightys are taken into consideration.
Again, Respondent's prior discipline record is considered an aggravating circumstance. The Referee finds this lack of candor to be the most serious of the four violations. However, Respondent's remorse, subsequent attempts to rehabilitate his practice, and his cooperative attitude toward this proceeding demonstrate mitigation. Therefore, the Referee recommends that Respondent be publicly reprimanded for violation of Rule 4-1.4(b).
In conclusion, the referee recommended that several additional conditions be imposed on Lecznar for the above violations of the disciplinary rules:
In addition to a public reprimand upon all four rule violations, the Referee recommends that Respondent be required to consult the Law Office Management Advisory Service of The Florida Bar within the next ninety days to arrange a consultation regarding improvement of office management systems. Additionally, the Referee recommends that the cost of this proceeding be imposed against Respondent in the sum of $1,187.41 in accordance with the Affidavit of Costs submitted by The Florida Bar.
The Bar petitions for review, seeking a ninety-day suspension rather than a public reprimand based on the following: 1) Lecznar was disciplined for prior similar misconduct; 2) Lecznar made misrepresentations to the Leightys concerning the status of the lawsuit, and Lecznar had selfish motives for the misrepresentations; 3) the Leightys suffered substantial harm; 4) Lecznar's present conduct demonstrates a pattern of neglect; and 5) Lecznar's present conduct comprises multiple offenses.
The referee, as finder of fact in Bar disciplinary proceedings, is in a unique position to assess the credibility of witnesses and appraise the circumstances surrounding alleged violations. Oftentimes, the referee has an opportunity to evaluate first-hand the forthrightness and character of the respondent. As long as the referee's findings are supported by competent substantial evidence in the record, "this Court is precluded from reweighing the evidence and substituting its judgment for that of the referee." Florida *1288 Bar v. MacMillan, 600 So.2d 457, 459 (Fla. 1992).[1] In the present case, competent substantial evidence in the record supports the referee's findings of fact and conclusions concerning guilt, and we approve those findings and conclusions.
As to discipline, we note that the referee in a Bar proceeding again occupies a favored vantage point for assessing key considerationssuch as a respondent's degree of culpability and his or her cooperation, forthrightness, remorse, and rehabilitation (or potential for rehabilitation). Accordingly, we will not second-guess a referee's recommended discipline as long as that discipline has a reasonable basis in existing caselaw. In the present case, however, we find the recommended discipline to be in conflict with Florida Bar v. Palmer, 504 So.2d 752 (Fla. 1987), wherein we suspended the attorney for eight months for conduct that was similar in many ways to Lecznar's. Based on Palmer, on the one hand, and the referee's recommended discipline, on the other, we find a ninety-day suspension appropriate on this record.
Robert H. Lecznar is hereby suspended for ninety days from the practice of law in Florida. The suspension will be effective thirty days from the filing of this opinion so that he can close out his practice and protect the interests of existing clients. If Lecznar notifies this Court in writing that he is no longer practicing and does not need the thirty days to protect existing clients, this Court will enter an order making the suspension effective immediately. Lecznar shall accept no new business from the date this opinion is filed until the suspension is completed. Pursuant to the provisions of Rule Regulating The Florida Bar 3-5.1(g), upon receipt of this order of suspension, Lecznar shall forthwith furnish a copy of the order to all his clients with matters pending in his practice. Furthermore, within thirty days after receipt of this order, Lecznar shall furnish staff counsel of the Bar with a sworn affidavit listing the names and addresses of all clients who have been furnished copies of the order. Prior to reinstatement, Lecznar must schedule and complete in a satisfactory manner an evaluation with the Law Office Management Advisory Service of The Florida Bar. Judgment for costs in the amount of $1,187.41 is entered in favor of The Florida Bar against Robert H. Lecznar, for which sum let execution issue.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] See also Florida Bar v. Spann, 682 So.2d 1070, 1073 (Fla.1996) (the party contesting the referee's findings and conclusions "carries the burden of demonstrating that there is no evidence in the record to support those findings or that the record evidence clearly contradicts the conclusions").