774 So.2d 685 (2000)
THE FLORIDA BAR, Complainant,
v.
Edward KLEIN, Respondent.
No. SC95011.
Supreme Court of Florida.
December 7, 2000.
*687 John F. Harkness, Jr., Executive Director, and John Anthony Boggs, Division Director, Tallahassee, Florida, and Kevin P. Tynan, Bar Counsel, Fort Lauderdale, Florida, for Complainant.
Edward Klein, Tamarac, Florida, Respondent, pro se.
PER CURIAM.
Attorney Edward Klein has petitioned for review of the referee's report regarding alleged ethical breaches by Klein. We have jurisdiction. See Art. V, § 15, Fla. Const.

FACTS
During all times relevant to the conduct at issue, Klein owned a home in Westwood, a community of 214 single-family homes. At various times Klein served as either an officer or a member of the Board of Directors of the homeowner's association for the community, Westwood Community Two Association, Inc. ("Westwood HOA"). Klein also represented the Westwood HOA in various lawsuits and legal disputes.
The original 1972 deed restrictions for the Westwood community contained a provision prohibiting children less than 16 years of age from living in the development. Following several amendments to the federal Fair Housing Act, Klein, as attorney for the Westwood HOA, amended the deed restrictions in an attempt to qualify Westwood as a 55 and older community, which would permit Westwood to exclude children if certain criteria were met. After the amendment was recorded, two Westwood homeowners, John Lewis and Peter Martin, challenged the amendment by commencing a legal action in federal court against the Westwood HOA ("Lewis and Martin federal litigation"). Lewis and Martin were granted a partial summary judgment by the federal court and the Westwood HOA was permanently enjoined from enforcing the amendment. This order was appealed and affirmed without opinion. See Lewis v. Westwood Community Two, 104 F.3d 370 (11th Cir.1996) (table).
Lewis and Martin also filed suit challenging the amendment in state court under the state Fair Housing Act against the Westwood HOA ("Lewis and Martin state litigation"). Just weeks after Lewis and Martin had filed their state lawsuit, Klein, on behalf of the Westwood HOA, filed a separate legal action against Lewis and Martin, also in state court. The Westwood HOA's state action was later dismissed and Lewis and Martin were awarded attorneys' fees and costs, to be paid by the homeowner's association.
On October 12, 1995, Lewis and Martin received a summary final judgment in the Lewis and Martin state litigation, and were again awarded attorneys' fees and costs in connection with that action. Lewis and Martin sought discovery of Westwood HOA's financial status, and Klein was ordered to produce the Westwood HOA's bank records. Klein failed to do so until two and one-half months later upon the threat of being held in contempt of court.
The judgment in favor of Lewis and Martin in the state litigation which permanently enjoined the Westwood HOA from enforcing the amendment was appealed and affirmed. See Westwood Community Two Ass'n, Inc. v. Lewis, 687 So.2d 296 (Fla. 4th DCA 1997). However, notwithstanding this legal status of the restrictions, Klein proceeded to file another legal action on behalf of the successor corporation to the Westwood HOA against Linda *688 and Mark Menzano, seeking to enforce the age restrictions which had been invalidated. Klein was later found in contempt for doing so.
Following these adverse rulings in both the state and federal litigation, which included monetary awards, the Westwood HOA filed a voluntary petition for Chapter 7 bankruptcy protection. Days after the bankruptcy filing, Klein formed Westwood Community Two, Inc. ("Westwood HOA II"), and thereafter orchestrated the execution of an assignment of the assets of the Westwood HOA to the Westwood HOA II. Following a complaint by the bankruptcy trustee, the funds were returned to the Westwood HOA's bankruptcy estate.
Based in part on the above facts, the Bar filed a 17-count complaint against Klein. Following a hearing, the referee found Klein had engaged in a total of 61 rule violations.[1] In recommending a disciplinary sanction, the referee found several aggravating factors including: dishonest or selfish motive, a pattern of misconduct, refusal to acknowledge wrongful nature of the conduct, vulnerability of the victim, substantial experience in the practice of law, and indifference to making restitution. See Fla. Stds. Imposing Law. Sancs. 9.22(b)-(c), (g)-(j). Although the referee did not make any specific findings as to mitigating factors, the referee did consider Klein's age (91) and his heart condition. After considering these factors, the referee recommended that Klein be disbarred.[2] Klein now petitions for review.

THE REFEREE'S FINDINGS
Klein challenges many of the referee's findings of fact and recommendations as to guilt. The party contending that the referee's findings of fact and conclusions as to guilt are erroneous carries the burden of demonstrating that there is no evidence in the record to support those findings or that the record evidence clearly contradicts the conclusions. See Florida Bar v. Miele, 605 So.2d 866, 868 (Fla.1992). Although Klein challenges many of the referee's findings, we find that certain factual findings are dispositive of this case, and we decline to address the other issues raised by Klein.

A. Amendment to the Bylaws
The referee found that Klein failed to provide competent representation in connection with the attempt to amend the bylaws of the Westwood HOA because the deed restrictions required that any bylaw amendment have the approval of the developer and the institutional lenders. The referee found that Klein failed to obtain such approval, and therefore Klein had violated rule 4-1.1 (lawyer shall provide competent representation). Klein claims that he informed the Board of the Westwood HOA that the approval of the institutional *689 lenders was needed, but the Board rejected his advice. Klein also asserts that the developer was no longer in business so the approval could not have been obtained.
There is competent substantial evidence in the record to support the referee's findings. Even if we accept Klein's argument that such approval was unobtainable, the summary judgment entered in the Lewis and Martin federal litigation held that the amendment was invalid because the Westwood HOA was not authorized to amend the bylaws in a manner inconsistent with the deed restrictions. Because the amendment Klein prepared was inconsistent with the deed restrictions, we approve the referee's finding that Klein failed to provide competent representation.

B. Forum Shopping
The referee found that less than one month after the Lewis and Martin state litigation was filed, Klein filed an almost identical legal action in state court against Lewis and Martin without disclosing the existence of the already pending Lewis and Martin state litigation. The referee concluded that Klein was shopping for a more favorable forum, and found that Klein had violated rule 4-8.4(d) (conduct prejudicial to the administration of justice). Klein argues that the referee erred in basing this finding on a circuit court administrative order that was inapplicable.
Although the administrative order relied on in part by the referee was inapplicable, there is competent substantial evidence to support the referee's finding as to the rule violation. The order dismissing the Westwood HOA's action against Lewis and Martin indicated that "[n]one of these three counts alleged in this lawsuit stated a cause of action independent and separate from [the Lewis and Martin state litigation]." The case was dismissed without prejudice to filing the claims "either as an affirmative defense or as a counterclaim in the original lawsuit." This dismissal provides competent substantial evidence to support the referee's finding that Klein was seeking a more favorable forum in which to litigate, despite the pendency of an almost identical case. We therefore approve the referee's findings as to this issue.

C. The Menzano Lawsuit
The referee found that in filing the Menzano lawsuit, Klein was in violation of the injunction entered in the Lewis and Martin state litigation and that he was ultimately found to be in contempt for so doing. Based on these facts, the referee found that Klein violated rule 4-3.4(c) (knowingly disobeying an obligation to a tribunal); rule 4-3.1(bringing frivolous proceeding); rule 4-8.4(c) (conduct involving dishonesty, fraud, deceit, or misrepresentation); and rule 4-8.4(d) (conduct prejudicial to the administration of justice). Klein argues that the Menzano lawsuit presented a good faith argument for the extension or modification of the law and that a subsequent order in the Lewis and Martin federal litigation permitted the filing of such an action. Klein filed the Menzano action after the Fourth District Court of Appeal affirmed the invalidity of the age restrictions in Westwood Community Two Ass'n, Inc. v. Lewis, 687 So.2d 296, 297 (Fla. 4th DCA 1997). Klein was, therefore, aware that the Westwood HOA had been enjoined from attempting to enforce the age restrictions. When Klein was later found to be in contempt by the court in the Lewis and Martin state litigation for filing the Menzano lawsuit, he was fined $1000. There is competent substantial evidence to support the referee's findings.

D. Failure to Provide Discovery
The referee found that following the entry of the summary final judgment in the Lewis and Martin state litigation, the Westwood HOA was ordered to produce post-judgment financial discovery to Lewis and Martin. Klein did not produce the records until threatened with contempt more than two months later. Based on *690 this failure to produce, the referee found that Klein had violated rule 4-3.4(c) (knowingly disobeying an obligation to a tribunal) and rule 4-8.4(d) (conduct prejudicial to the administration of justice). Klein simply argues that he had no intent to withhold discovery.
The record reveals that the judge in the Lewis and Martin state litigation extended warnings to Klein concerning his failure to produce the records, and noted that Klein could have obtained the records personally because he was both the attorney for and an officer of the Westwood HOA. Although there is no direct testimony that Klein intended to disobey a court order, such intent can be inferred from the more than two months Klein had to produce the documents and his intimate involvement with the Westwood HOA. We approve the referee's findings as to this issue.

E. Motion for Attorney Fees
Klein filed a motion on behalf of Westwood HOA seeking attorneys' fees in the Lewis and Martin federal litigation more than one year after the final judgment had been entered against the Westwood HOA in that proceeding. By filing this untimely motion in a case where the Westwood HOA was not the prevailing party, the referee found that Klein had violated rule 4-3.1 (asserting frivolous issue) and rule 4-8.4(d) (conduct prejudicial to the administration of justice). Klein argues that the court accepted his late filing, and that because these actions took place in federal court, he cannot be sanctioned for them.
Klein disobeyed the rules of procedure for the United States District Court, Southern District, which require that a motion for attorneys' fees is to be "served within 30 days of entry of Final Judgment or other dispositive order." S.D. Fla. L.R. 7.3. Additionally, this Court has jurisdiction over all attorneys licensed in Florida, regardless of the situs of the offense. See generally Florida Bar v. Nunes, 679 So.2d 744 (Fla.1996) (suspending attorney for acts solely related to immigration matter). There is competent substantial evidence to support the referee's finding that this was a frivolous motion and that Klein committed the rule violations.

F. Westwood HOA's Bankruptcy
The referee found that within months of the adverse rulings in the Lewis and Martin federal and state litigation, Klein facilitated the filing of a voluntary petition for Chapter 7 bankruptcy protection on behalf of the Westwood HOA. Days later, Klein formed Westwood HOA II, and later orchestrated the assignment of the Westwood HOA's assets to this new corporation. Based on the above facts, the referee found that Klein violated rule 4-8.4(c) (conduct involving dishonesty, fraud, deceit, misrepresentation) and rule 4-8.4(d) (conduct prejudicial to the administration of justice). Klein claims that he was not the attorney who filed the bankruptcy petition for Westwood HOA, and that the referee's findings are erroneous.
While Klein is correct that he was not the attorney who initially filed the bankruptcy petition for the Westwood HOA, according to documents in the record, Klein prepared and registered the Articles of Incorporation for the Westwood HOA II, and was designated to accept service of process on behalf of the new corporation. Klein also prepared the documents for the transfer of assets from the Westwood HOA to the Westwood HOA II just one day after the incorporation of the Westwood HOA II. The bankruptcy trustee's complaint against the Westwood HOA II alleged a fraudulent transfer, and the bankruptcy court entered a summary judgment in favor of the trustee on all counts of that complaint. These documents provide competent substantial evidence to support the referee's findings that Klein engaged in dishonest conduct which was prejudicial to the administration of justice, and we approve the referee's findings.

*691 DISCIPLINE
The referee has recommended, based on the above factual findings and others, that disbarment is the appropriate discipline. Although Klein does not specifically argue as to the appropriateness of the referee's recommended discipline, we address it here because this Court has the ultimate responsibility to determine the appropriate sanction. See Florida Bar v. Niles, 644 So.2d 504 (Fla.1994). However, we will not "second-guess a referee's recommended discipline as long as that discipline has a reasonable basis in existing caselaw." Florida Bar v. Lecznar, 690 So.2d 1284, 1288 (Fla.1997). After reviewing the existing caselaw, we approve the referee's recommended discipline.
What is clear from our review of this case is the inherent danger to the public and the legal system when an attorney ceases to objectively evaluate legal matters in which he is personally involved. Klein's trail of misconduct began as a legitimate attempt to qualify his community as one for older persons under the Fair Housing Act. While we recognize that such a goal may have initially been a meritorious pursuit shared by the community Klein represented, Klein failed to accept defeat when he had exhausted all legal remedies. A lawyer must have the independent judgment to objectively advise his clients as to meritorious claims that may be pursued, and has the duty, once such claims have been pursued to the fullest extent allowed by law and defeated, to refrain from continuing to assert frivolous matters. Klein's conduct indicates that he has strayed from the warning in the Preamble to the Rules of Professional Conduct that lawyers "are to use the law's procedures only for legitimate purposes and not to harass or intimidate others." Klein deviated from the pursuit of legitimate goals and instead embarked on a personal crusade to intimidate, harass, and ultimately deceive those opposed to the age restrictions in Westwood. This is a classic example of an attorney elevating personal interests and desires above his obligation as an officer of the court and the holder of public trust. The tools and inherent power vested in those authorized to practice law in Florida cannot be perverted for personal whim.
We have previously held that cumulative misconduct is to be treated more severely than isolated misconduct, especially where the misconduct at issue is similar in nature. See Florida Bar v. Bern, 425 So.2d 526 (Fla.1982). We find that Klein's cumulative misconduct indicates that his actions were not isolated incidents; rather, such conduct has become Klein's method for attacking those who oppose his views. Further, the nature of Klein's misconduct is centered upon his disregard for the rules and judgments of the tribunals in which he litigated. Klein's filing of a legal action against the Menzanos after both federal and state appellate courts had affirmed the invalidity of the age restrictions demonstrates a complete disregard for the finality of legal judgments, and such conduct causes serious interference with the orderly system of justice. Klein's filing of frivolous pleadings, his failure to abide by valid discovery orders, and his attempt to forum shop in connection with the Lewis and Martin state litigation are also indicative of Klein's refusal to conform to and abide with the rules of the tribunal. Klein's failure to admit defeat with regard to the age restrictions resulted in several judgments against the Westwood HOA for attorneys' fees and costs. This disregard for the financial well-being of his client indicates that Klein would stop at nothing to assert his personal agenda above his client's interest, no matter what damage may have been inflicted. That Klein persisted in such conduct, even with monetary judgments being entered against the Westwood HOA, and the threats of and actual findings of contempt against himself, makes clear that Klein is unwilling to conform with the most basic rules governing Florida lawyers.
Klein's misconduct culminated in a fraudulent transfer of funds from the *692 Westwood HOA to the Westwood HOA II. This transfer was to avoid payment of the various attorneys' fees and costs associated with Klein's attempted enforcement of the age restrictions, and we are convinced that disbarment is the only appropriate penalty for such conduct under Florida Bar v. Kaufman, 684 So.2d 806 (Fla.1996). In Kaufman, the attorney lost a civil action and a sizeable judgment was entered against him. When the prevailing party attempted to collect the judgment, Kaufman "engaged in tactics to thwart discovery of his assets by testifying falsely about his assets and their whereabouts, by transferring assets to another account, and by dissipating his assets." Id. at 807. This Court disbarred Kaufman, and we see no reason why such decision should not be applied to support the referee's determination and recommendation. Klein's transfer of these funds was dishonest and fraudulent conduct which reflects a lack of fitness to practice and uphold the law. Further, Klein continued to compound this misconduct by failing to timely provide financial discovery as to Westwood HOA's assets in the Lewis and Martin state litigation.
Klein was granted the privilege of becoming a Florida lawyer late in life;[3] however, with this privilege comes responsibility. Klein has failed to act responsibly and objectively in executing his duties as an attorney, and allowed his personal interests to overcome the best interest of his clients. We therefore approve the referee's recommendation that Klein be disbarred.

CONCLUSION
Edward Klein is hereby disbarred from the practice of law, effective nunc pro tunc December 23, 1999, the effective date of Klein's emergency suspension. See Florida Bar v. Klein, 744 So.2d 458 (Fla.1999) (table). Judgment for costs in the amount of $3,606.72 is entered against Klein and in favor of The Florida Bar, 650 Apalachee Parkway, Tallahassee, FL 32399, for which sum let execution issue.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
NOTES
[1] Specifically the referee found violations of the following Rules Regulating the Florida Bar: rule 4-1.1(failing to provide competent representation)(two instances); rule 4-1.2(a) (lawyers shall abide by client's decisions)(three instances); rule 4-1.4(b)(lawyer shall explain matter fully to client)(three instances); rule 4-1.7(b)(duty to avoid limitations on professional judgment)(three instances); rule 4-3.1(asserting frivolous issues)(three instances); rule 4-3.3(a)(knowingly permitting witness to give false testimony)(one instance); rule 4-3.3(a)(1)(knowingly making false statement of fact to tribunal)(two instances); rule 4-3.4(c)(knowingly disobeying an order of a tribunal)(two instances); and rule 4-8.4(d)(conduct prejudicial to the administration of justice)(ten instances). For each of the sixteen counts for which Klein was found guilty, the referee also found violations of rule 3-4.2(violation of the rules of professional conduct is cause for discipline) and rule 4-8.4(a)(lawyer shall not violate or attempt to violate the rules of professional conduct).
[2] The referee also recommended that Klein be suspended on an emergency basis pending the outcome of this appeal. Thereafter, the Bar petitioned for an emergency suspension pursuant to rule 3-5.2(a) of the Rules Regulating the Florida Bar. We granted the Bar's petition and suspended Klein on an emergency basis. See Florida Bar v. Klein, 744 So.2d 458 (Fla.1999)(table).
[3] Klein was admitted to practice in Florida on May 13, 1987.