WELLS, Judge.
 

 Frantzy Jean-Marie appeals from an order denying his March 2009 Florida Rule of Criminal Procedure 3.850 motion and the May 2009 amendment to it. We affirm the denial of these voluminous motions, but reverse any portion of the order on appeal that purports to deny Jean-Marie’s claim for ineffective assistance of appellate counsel, which he raised in a subsequent Rule 3.850 amendment.
 

 In the March 2009 motion and the May 2009 amendment, Jean-Marie claims: error in the jury instruction on the crime of burglary; error in a jury instruction regarding the definition of resisting an officer without violence; that his conviction for burglary violated his protection against
 
 *710
 
 double jeopardy; that trial counsel was ineffective for advising him not to testify; that trial counsel was ineffective for failing to (a) argue facts related to his arrest, (b) file a motion to suppress, (e) object to a leading question regarding possession of a gun, (d) argue in closing that Jean-Marie did not own, possess or have a gun, (e) argue that a State witness could not accurately testify, (f) argue that the gun found was not what a detective saw being discarded, (g) attack virtually all of the crime scene technicians’ testimony, (h) investigate “other possible alibis,” (i) seek help from private technicians to check for DNA, fingerprint and other crime scene evidence and private investigators to check on prosecution witnesses, mitigating evidence, exculpatory evidence, other possible defenses, and police reports, (j) interview prospective defense, prosecution and expert witnesses, and (k) move to dismiss. He also claims error in failing to grant a judgment of acquittal on all of the charges against him.
 

 The double jeopardy violation about which Jean-Marie complains has already been corrected.
 
 See Jean-Marie v. State,
 
 947 So.2d 484, 489-90 (Fla. 3d DCA 2006). The alleged jury instruction errors are properly addressed not on a post-conviction motion, but on direct appeal.
 
 See Vining v. State,
 
 827 So.2d 201, 214 (Fla.2002) (citing
 
 Thompson v. State,
 
 759 So.2d 650 (Fla.2000) (finding that claims of instructional error are procedurally barred in post-conviction challenges because the claims “could and should be raised on direct appeal”). The remainder of Jean-Marie’s arguments — which we detail above only so as to preclude the necessity of any further consideration of them in the future — are, for the most part, legally insufficient and are, without exception, without merit. The order denying the March 2009 motion and its May 2009 amendment is, therefore, affirmed.
 

 In August 2009, Jean-Marie filed a second amendment to his Rule 8.850 motion. That amendment addresses only the issue of ineffective assistance of appellate counsel and is to be filed in this Court.
 
 See
 
 Fla. R.App. P. 9.141(c)(2) (petitions “alleging ineffective assistance of appellate counsel shall be filed in the appellate court to which the appeal was or should have been taken”). We therefore reverse any portion of the order on appeal which purports to deny Jean-Marie’s ineffective assistance of appellate counsel claim without prejudice to filing a proper motion in this Court within 90 days of this Court’s mandate.
 

 Finally, in October 2009, while this appeal was pending, Jean-Marie filed yet another “amendment” to his Rule 3.850 motion. However, this time the motion was filed in this Court. This amendment, like the one filed in August 2009, addresses ineffectiveness of appellate counsel, and is stricken without prejudice to refiling a proper Rule 9.141 proceeding.
 

 Affirmed in part, reversed in part.