SUAREZ, J.
 

 Frantzy Jean-Marie (“the defendant”) petitions for a writ of habeas corpus alleging ineffective assistance of appellate counsel. We have jurisdiction.
 
 See Rutherford v. Moore,
 
 774 So.2d 687 (Fla.2000). We deny the petition.
 

 The defendant asserts that his appellate counsel was ineffective for failing to raise a double jeopardy claim at trial for charges of armed burglary and carrying a concealed firearm. The defendant claims also that his appellate counsel was ineffective for failing to raise the argument that proof of carrying a concealed firearm as an underlying offense was inadequate to sustain the armed burglary conviction and for not raising a claim for a violation of double jeopardy. Both of these claims were raised and reviewed on direct appeal.
 
 See Jean-Marie v. State,
 
 947 So.2d 484 (Fla. 3d DCA 2006). The armed burglary conviction was upheld as supported by the defendant’s intent to carry a concealed firearm. The defendant’s conviction and sentence for carrying a concealed firearm were vacated on double jeopardy grounds. The double jeopardy claim was addressed again in the defendant’s motion for post-conviction relief.
 
 See Jean-Marie v. State,
 
 27 So.3d 709 (Fla. 3d DCA 2010). If an issue actually is raised on direct appeal, a subsequent habeas petition is inappropriate to consider the claim that appellate counsel was ineffective for failing to raise additional arguments on the same issue.
 
 See Rutherford,
 
 774 So.2d at 645. We therefore deny the petition for habeas corpus on the grounds already raised on direct appeal.
 

 The defendant next contends that his appellate counsel was ineffective for failing to raise issues regarding numerous jury instructions that the defendant claims were improper.
 
 [1]
 
 The defendant has not met his burden of showing ineffective assistance of appellate counsel for not raising the claims of instructional error on direct appeal.
 
 See Rutherford,
 
 774 So.2d at 637. Jury instructions are subject to the contemporaneous objection rule and, absent an objection at trial, can be raised on direct appeal only if fundamental error occurred. The defendant has not asserted that trial counsel objected to any of these instructions. The defendant has not shown that any of the alleged instructional errors was fundamental error that could have been raised on appeal even though not preserved at trial.
 
 See Israel v. State,
 
 985 So.2d 510 (Fla.2008). Therefore, appellate counsel cannot be deemed ineffective for not raising these jury instruction issues on appeal. The defendant’s claims
 
 *118
 
 of error on the jury instruction issues are denied.
 

 Even if the claims had been preserved for appellate review, appellate counsel cannot be deemed ineffective for failing to pursue the claims we conclude are merit-less. Likewise, we find no merit on the defendant’s claims of improper prosecuto-rial comment on the definition of resisting an officer without violence and lawful execution of a legal duty or in the defendant’s claims of improper consideration of misconduct in sentencing.
 

 Petition for writ of habeas corpus is denied.
 

 [1]
 

 . The defendant argues error in the failure to give or in the allegedly erroneous giving of jury instructions on the following issues: the definition of the execution of a legal duty; resisting an offense without violence as an underlying offense of burglary; proof of intent for burglary; the use of the conjunction "and” and "or” in arguing resisting arrest without violence and carrying a concealed firearm; the use of the conjunctions "and” and "or" in referring to the names of the police officers; and the reference to being armed in the attempt to commit the offense of flight after the commission of the crime.