LEHAN, Judge.
In this suit against defendant pawnbroker for allegedly having improperly disposed of pawned property less than 90 days following the pawn transaction we affirm the summary judgment for defendant. The summary judgment was entered on the apparent basis that under section 538.16(1), Florida Statutes (1989), plaintiff had only 60 days in which to recover property which he had pawned with defendant. Section 538.16(1) provides:
Any personal property placed with a pawnbroker, whether the pawn is a loan of money or a purchase of goods, is subject to sale or disposal when the seller has not repurchased the property from the pawnbroker and there has been no payment on account made for a period of 90 days or the seller has not repurchased the property from the pawnbroker within 60 days after the sale.
On December 30, 1989, plaintiff pawned a diamond ring with defendant, signed a pawn ticket, and received from defendant $250.00. On March 7, 1990, 67 days later, plaintiff appeared at defendant’s place of business and attempted to recover the ring by paying what the pawn ticket, i.e., the contract between the parties, referred to as the “repurchase price” of $312.50. However, having sold the ring to a third party on March 3, 1990 (63 days after the pawn transaction), defendant took the position that he had no further responsibility to plaintiff for the ring.
Plaintiff principally contends that the transaction was a loan, with the ring being held as security. Arguing that under section 538.16(1) he had the right to recover the ring from defendant within 90 days following the loan transaction, plaintiff sued defendant for damages for the loss of the ring. However, the pawn ticket refers in one place to a “BUY-BACK” and in another place states that $312.50 is the “Repurchase Price.” Thus, there was competent substantial evidence on the basis of which the trial court could determine, as it implicitly determined, that the transaction was not a loan but was a sale by plaintiff to defendant with a right of repurchase. Accordingly, plaintiffs claim of a right to recover the ring from defendant must stand or fall as a claim of a right of repurchase. The trial court’s summary judgment for defendant implicitly determined that plaintiff had a right to repurchase the ring within a period of only 60 days under section 538.16(1). We agree with that determination.
We do not disagree with plaintiff’s additional contention that section 538.16(1) is not well worded. But we do not agree with plaintiff that section 538.-16(1) must be declared unconstitutional as being void for vagueness. Generally, all doubts as to the validity of a statute should be resolved in favor of its constitutionality where reasonably possible. See State v. Rodriquez, 365 So.2d 157, 158 (Fla.1978). Accordingly, we construe the word “repurchased” to mean “redeemed” in the statutory clause “when the seller has not repurchased the property from the pawnbroker and there has been no payment on account made for a period of 90 days....” [1] Under this construction, which reconciles the wording of that clause, it is clear that the *1260 90-day statutory period applies to a loan from a pawnbroker to a customer and the 60-day statutory period provided for in the subsequent clause applies to a sale by a customer to a pawnbroker with the right of the customer to repurchase.
We note that even if section 538.16(1) would be declared void for vagueness, thus bringing into effect the predecessor to section 538.16(1), which is section 715.04(2), Florida Statutes (1987), section 715.04(2) would clearly require the same result. Section 715.04(2) is identical to section 538.-16(1) except for the addition in section 538.-16(1) of the words included in the above quoted clause, “when the seller has not repurchased the property from the pawnbroker.” Section 715.04(2) is quoted on the pawn ticket in this case.
We agree with plaintiff that the pawn ticket erroneously included the $312.50 in its “repurchase price 30 day” blank, rather than in its “repurchase price 60 day” blank and that under either section 538.16(1) or section 715.04(2) there could be no 30-day period. Nonetheless, having asserted a right to recover the ring more than 60 days after the transaction and having shown no way in which he was prejudiced by the use of the 30-day blank, plaintiff cannot be heard to say that he was misled into thinking he had only 30 days in which to recover the ring, rather than the 60-day period.
Affirmed.
RYDER, A.C.J., and PARKER, J., concur.

. In so construing the word "repurchased” to mean “redeemed” we follow what we conclude is manifested legislative intent and do not substitute for a statutory word another word with a clearly different meaning. The word “repurchased” may seem plainly to connote only a pawn transaction that was a sale to, i.e., a purchase by, the pawnbroker, with a right of re purchase by the customer. But the dictionary meaning of "redeem” includes not only a recovery of collateral by a debtor upon payment of the debt but also a repurchase of property that had been sold. See Webster’s Third New International Dictionary 1902 (1986). Thus, the concept of a repurchase by a customer of property which had been sold to a pawnbroker, on the one hand, and the concept of a recovery of collateral from a pawnbroker by a customer to whom the pawnbroker loaned money, on the other, share, in a sense, a common synonym, i.e., “redeem." Accordingly, the word “repurchased” in the above quoted clause might, however improperly in a strict sense, be thought of as a recovery, or redemption, of collateral by a *1260 customer upon payment of a debt owed to a pawnbroker, as the legislature obviously thought of that word and as we construe it.