637 So.2d 333 (1994)
John BAILEY a/k/a John Henry Bailey, Jr. a/k/a John Amin, Appellant,
v.
STATE of Florida, Appellee.
No. 92-04519.
District Court of Appeal of Florida, Second District.
May 25, 1994.
*334 William D. Slicker of William D. Slicker, P.A., St. Petersburg, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
DANAHY, Acting Chief Judge.
This appeal results from convictions and sentences for four counts of possession of a firearm by a felon, a violation of section 790.23, Florida Statutes (1989). The appellant raises three issues: that his protection against double jeopardy[1] has been violated by multiple convictions for the same crime, that the trial court erred in denying his motion to suppress, and that the evidence was insufficient to support the convictions. We agree with the appellant only insofar as he should not have been convicted of four crimes of possession on these facts. Accordingly we reverse as to that issue only.
When Detective Hawkins of the St. Petersburg Police Department became aware that the appellant had pawned a gun on two occasions, he commenced an investigation because he knew that the appellant was a convicted felon. His investigation revealed that during 1990 pawn tickets and redemption forms from a certain pawn shop showed that on May 11 the appellant had pawned a gun under a typical "Buy-Sell" agreement, had redeemed it the following June 12, pawned it again on June 19, and redeemed it again on December 10. The state attorney filed an information charging the appellant with four counts of felonious possession of a firearm on these dates. The appellant filed a motion to suppress the thumbprint identification from the forms but the trial court denied his motion. At the jury trial on these charges the gun itself was not produced but the owner and the two employees of the pawn shop who had dealt with the appellant identified him as the person who had pawned and redeemed the gun on the dates in question and testified about the transactions. The owner described how he had examined the gun to determine that it was operable since he only pawned working guns. The owner had not test-fired the weapon when the appellant brought it to the shop. The president of the company that manufactured the gun testified for the state as an expert witness about how it could be repaired if it were not operable. The jury found the appellant guilty as charged. The trial court sentenced him to habitualized consecutive sentences of five years on each of the four counts.
The appellant contends that since possession is a continuing crime, United States v. Jones, 533 F.2d 1387 (6th Cir.1976), cert. denied, 431 U.S. 964, 97 S.Ct. 2919, 53 L.Ed.2d 1059 (1977), he is guilty of only one count of felonious possession of a gun because, by merely pawning the gun, he never gave up legal title to it. He always had the right to redeem it any time before the agreed-upon deadline on the pawn ticket. However, this court has held that a pawn of property under a "Buy-Sell" agreement, as in the instant case, constitutes a sale to the *335 pawnbroker with the right to repurchase the property within a set number of days. Isaac v. Brave, 600 So.2d 1258 (Fla. 2d DCA 1992). Since the appellant "sold" the gun to the pawnbroker, he extinguished his possessory rights and had no legal or beneficial title to it at that time.
It is true, of course, that possession is a continuing crime. United States v. Jones. The appellant's argument, that there was only one possession under the circumstances of this case, is incorrect because his possession was interrupted by the periods the gun was in the pawnshop. The state's argument, that the four dates show four discreet crimes of possession, is incorrect also, but for a different reason. The state in filing the charging document did not accurately compute the periods of possession. The appellant had three periods of felonious possession of a gun as shown by the pawn tickets and the redemption forms. The first period of possession began at an undetermined time and ended with the first pawning of the gun on May 11, 1990. The second period of possession commenced when the appellant redeemed the gun on June 12 and ended when he again pawned it on June 19. The third period of possession began when the appellant again redeemed the gun on December 10 and continued to an undetermined date. On the proofs presented the appellant was guilty of only three counts of felonious possession of a firearm.
We have reviewed the record to determine whether the appellant's motion to suppress should have been granted and the evidence surrounding thumbprint identification of the appellant excluded. The appellant claims that section 538.04, Florida Statutes (1989)[2] was violated by use of his thumbprint from the pawn forms to identify him where there was no issue of probable cause that the gun he pawned was stolen. We do not decide the question whether a pawn form thumbprint can be used in a criminal prosecution when there is no issue that the goods are stolen. The record shows that the investigating officer, although he took those thumbprints, identified the appellant through other means. The trial court, thus, did not err in denying the motion to suppress.
The appellant's remaining issue, that there was insufficient evidence to support any conviction at all, is without merit.
Accordingly, we reverse the judgment of conviction for four counts of felonious possession. We remand for entry of a judgment on three counts of felonious possession of a firearm instead of four and for resentencing.
SCHOONOVER and FULMER, JJ., concur.
NOTES
[1] U.S. Const. amend. V; Art. I, § 9, Fla. Const.
[2] Subsection (1)(c)3 of this statute requires that in the pawnbroker's records "[a]n original right thumbprint of the seller shall be affixed to all forms delivered to the appropriate local law enforcement agency, which can only be used to identify the person whose name appears on the record when probable cause exists that the secondhand goods are stolen." We note that this provision was deleted from the statute effective October 1, 1990. Ch. 90-318, § 2, at 2577, 2581, Laws of Fla.