BROWNELL, SCOTT M., Associate Judge.
Wesley Shaffer appeals a final judgment of conviction for armed burglary, possession of burglary tools, grand theft, and carrying a concealed firearm. He raises a number of issues on appeal, only two of which merit attention. We affirm on one and reverse the other.
Shaffer was stopped and arrested running down the street leading from a home in which a burglary had occurred minutes before. He was found in possession of the victim’s property. He also had with him a concealed handgun, a flashlight, bolt cutters, wire cutters, a pry bar, a flat-head screwdriver, a hatchet, and gloves. He was dressed in all black.
Shaffer, a diabetic, raised the defense of insanity induced by cotton candy. He found a psychiatrist, Dr. McKinley Cheshire, to testify that Shaffer met the criteria for the insanity defense. Cheshire testified that diabetes, exacerbated by high blood sugar, presumably brought on by cotton candy, can induce psychosis. This expert was apparently unable to explain to the satisfaction of the jury how one in the midst of a psychotic episode has the focus and organizational skills to gather all of the tools listed above, dress all in black, pull off a home burglary, and run away, all before finally being caught.
The state called two experts to rebut this testimony; an endocrinologist and a forensic psychologist. Shaffer claims two errors: it was error to allow these experts to opine on the issue of sanity as they were not psychiatrists; and that the crime of carrying a concealed firearm was part of the continuing offense of armed burglary and should not have been tried separately.
As to the first issue, neither of the state’s experts testified on the issue of Shaffer’s sanity per se. Each testified, in their respective fields of expertise, rebutting different *80 aspects of Cheshire’s opinions. The endocrinologist testified about the effects of high levels of sugar in the blood on a person’s mind. The psychologist testified about psychotic behavior and psychosis.
When a defense expert is used to demonstrate the presence of a certain medical syndrome, the state is permitted the opportunity to have the defendant examined by its experts, who will be allowed to testify at trial to rebut the defense experts’ testimony. State v. Hickson, 630 So.2d 172 (Fla.1993). Shaffer cites to no cases requiring the state’s rebuttal experts to be in the same field of expertise as defendant’s expert. Nor has he shown that the state’s experts were unqualified. We, therefore, affirm the trial court on this issue.
As to Shaffer’s second point, the supreme court in State v. Stearns, 645 So.2d 417 (Fla.1994), in a case that is identical in its essential facts to this case, held that armed burglary is a continuing offense, and double jeopardy bars the state from convicting and sentencing the defendant for two offenses involving a firearm that arise out of the same criminal episode. See also Ross v. State, 687 So.2d 1357 (Fla. 3d DCA 1997).
We, therefore, reverse Shaffer’s conviction for carrying a concealed firearm and remand for resentencing. As to all other aspects of the final judgment, we affirm.
KLEIN and GROSS, JJ., concur.