947 So.2d 484 (2006)
Franizy JEAN-MARIE, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D04-2570.
District Court of Appeal of Florida, Third District.
November 15, 2006.
Rehearing and Rehearing Denied February 13, 2007.
*486 Bennett H. Brummer, Public Defender and Robert Kalter, Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General and Olga L. Villa, Assistant Attorney General, for appellee.
Before RAMIREZ, SUAREZ, and CORTIÑAS, JJ.
Rehearing and Rehearing En Banc Denied February 13, 2007.
SUAREZ, J.
The defendant appeals a final judgment of conviction and sentence for armed burglary, possession of an altered firearm, and carrying a concealed firearm. We affirm the conviction and sentence for armed burglary and possession of an altered firearm and vacate the conviction and sentence for carrying a concealed firearm.
On March 19, 2003, in the evening, Miami-Dade Robbery Intervention Unit Detectives observed a car driving with its right front headlight out in the area of Northeast 160th Street. The detectives' vehicle turned behind the subject vehicle and activated its emergency equipment to effect a stop. When the subject's car came to a stop, the passenger door opened, the defendant jumped out of the car and ran east-bound through an alley. A detective ran after him on foot. The defendant did not stop when ordered numerous times to do so, but only looked back at the detective who was wearing a polo shirt and vest with the word "police" written all over them. The defendant continued running away from the detective, and dove head first over a fence into the backyard of a residence. The detective followed him into the backyard with a flashlight. The detective yelled for the defendant to "stop," as he saw him reach with his hand to the front of his body and throw a firearm up against the fence. The defendant continued to run toward the gate, the detective chasing after him. The detective eventually apprehended him in the front of the yard. The gun was discovered approximately three to four feet inside the fenced property and three feet from the house. It was later learned that the gun was stolen in March of 2002. The serial numbers had been scratched off the gun. The defendant was charged with carrying a concealed firearm, unlawful possession, sale, or delivery of a firearm with an altered or removed serial number and armed burglary.[1]
At trial, an employee of a pawn shop testified that the gun found in the yard by the detective was the same gun which had been in the possession of the pawn shop until it was stolen in March of 2002. It was never shown that the defendant was the one who had stolen the gun. At the close of the State's case, the defendant moved for judgment of acquittal on grounds that the State failed to prove the crime of armed burglary because the requisite *487 intent to commit the offense of carrying a concealed firearm when entering the property had not been demonstrated, and the predicate crime of resisting an officer without violence was legally insufficient. The trial judge denied the motion. The jury found the defendant guilty of carrying a concealed firearm, possessing a firearm with a removed or altered serial number and armed burglary. He was sentenced to five years for carrying a concealed firearm, 364 days for possession of a firearm with an altered serial number and fifteen years for armed burglary, to run concurrent with a ten-year minimum mandatory. He now appeals the convictions and sentences.
The defendant contends that the trial judge erred in denying his motion for judgment of acquittal in that the State failed to prove the requisite intent for carrying a concealed firearm[2] and that the charge of resisting an officer without violence[3] was legally inadequate. As such, since intent to commit an offense therein is a precondition to a finding of guilt under the burglary statute,[4] the burglary conviction cannot stand. The State responds that there was sufficient evidence to show that the defendant intended to commit the crime of carrying a concealed firearm when he entered the victim's property, that the facts are legally adequate to prove resisting an officer without violence and thus, the elements under the burglary statute have been satisfied. § 810.02(b)(1), Fla. Stat. (2002).
In reviewing an order denying a motion for judgment of acquittal, the standard of review is de novo to determine, as a question of law, the sufficiency of the evidence to support a particular criminal charge. Lynch v. State, 293 So.2d 44 (Fla. 1974); Jones v. State, 790 So.2d 1194 (Fla. 1st DCA 2001). The appellate court must consider the evidence and all reasonable inferences therefrom in a light most favorable to the State, to establish, as a matter of law, that the evidence is legally adequate to support the charge. Lynch, 293 So.2d at 45.
First, the defendant argues that the act of throwing the firearm up against the fence demonstrated that he did not have the intent to commit the crime of carrying a concealed firearm when he entered the backyard. The facts show that the defendant ran from his car, dove into a backyard residence and kept running away *488 from the detective without allowing him to view his firearm until he attempted to dispose of it before reaching the front gate. Because he kept running with the firearm concealed, the defendant was continuing to commit the act of carrying the concealed firearm. The defendant intended to conceal the gun while he was running away prior to entering the backyard; he continued to intend to conceal it when jumping over the fence to enter the property; and the intent remained with him until he overtly raised his arm to let go of the gun. Lints v. State, 643 So.2d 689 (Fla. 5th DCA 1994)(possession of firearm continuing offense); Bailey v. State, 637 So.2d 333 (Fla. 2d DCA 1994)(same). We find that sufficient evidence of intent was presented to constitute the offense of carrying a concealed firearm, and as such, the defendant demonstrated the requisite intent to satisfy the intent-to-commit-a-crime element for the offense of armed burglary.
Second, the defendant raises as error the denial of his motion for judgment of acquittal and the ensuing guilty verdict for resisting an officer without violence as legally insufficient since the defendant did not possess the intent to commit the offense when he entered the backyard of the residence, and therefore it cannot serve as a precondition to a finding of guilt under the burglary statute.
"The language of the burglary statute, as drafted by the Legislature, requires both an entry and the requisite intent to commit a crime [therein]. . . . Thus, while the actual penetration into any interior or enclosed area may constitute an entry, . . . an intent to . . . commit an unauthorized act therein after entry has occurred must also be established to satisfy the intent required to commit a crime." Drew v. State, 773 So.2d 46, 52 (Fla.2000). In order to prove that a defendant is guilty of obstructing an officer without violence, the state must prove that the defendant fled with knowledge of the officer's intent to detain him and that the officer was justified in making the detention due to his founded suspicion that the defendant was engaged in criminal activity. Cf. D.M. v. State, 681 So.2d 797 (Fla. 2d DCA 1996). Although "`[f]light, standing alone, does not constitute obstructing an officer nor does it give rise to a well-founded suspicion of criminal activity . . . an individual may be guilty of unlawfully obstructing an officer if he flees while knowing of the officer's intent to detain him and the officer is justified in making a stop. . . .'" Mosley v. State, 739 So.2d 672 (Fla. 4th DCA 1999). Even if the original pursuit by officers lacks reasonable suspicion or probable cause, the resultant totality of the circumstances may provide adequate grounds to support the denial of a motion for judgment of acquittal. In Mosley, officers pursued the defendant, who had been standing with a group of people on the street, as he ran away from them after they had yelled, "Stop. Hollywood Police." During the pursuit, which initially was invalid, the defendant dropped his cocaine pipe, which was recovered by one of the officers. The Fourth District found that, at that point in time, the officers had probable cause to arrest him. They continued to yell, directing him to stop. Mosley held that "[h]is flight, in conjunction with probable cause for arrest, was sufficient to establish the guilt of the charge [resisting an officer without violence]," Mosley, 739 So.2d at 675, and that the trial court properly denied a motion for judgment of acquittal. The facts presented for review are strikingly similar. If, arguendo, the Miami-Dade Robbery Detective, who was chasing the defendant after he ran from the vehicle in which he was a passenger, initially did so without a founded suspicion of criminal activity, at the point in time *489 when the detective saw the defendant throw his gun away, there was probable cause for his arrest for carrying a concealed firearm. The fact that the defendant continued to flee after, once again, being commanded to stop, establishes that he ran, knowing of the officer's intent to detain him. Because the officer was then justified in making the stop, the trial court was correct in denying the motion for judgment of acquittal. Mosley; Calliar v. State, 714 So.2d 1134 (Fla. 1st DCA 1998)(motion for judgment of acquittal for resisting without violence properly denied; evidence that defendant dropped screwdriver and wirecutters after chase with knowledge of officer's intent to detain coupled with officer's reasonable suspicion of criminal activity, sufficient to present to jury), quashed in part on other grounds, 760 So.2d 885 (Fla.1999); Britton v. State, 604 So.2d 1288 (Fla. 2d DCA 1992)(motion for judgment of acquittal for resisting arrest without violence properly denied; evidence that defendant ran into house with the intent to hide from officers sufficient to submit to jury on issue of whether conduct satisfies "intent to commit offense therein" within meaning of burglary statute).
In consideration of the standard of review for a motion for judgment of acquittal  whether the evidence and all reasonable inferences taken in the light most favorable to the State are sufficient to support the charge, see Lynch v. State, 293 So.2d at 44we conclude that there was sufficient evidence of intent to convict the defendant of the crime of carrying a concealed firearm, § 790.01(2), Fla. Stat. (2002); cf. Davis v. State, 761 So.2d 1154 (Fla. 2d DCA 2000), and, as a matter of law, the offense of resisting an officer without violence was legally adequate for the jury's consideration. § 843.02, Fla. Stat. (2002); Mosley; Calliar; Britton. § 810.02(b)(1), Fla. Stat. (2002).
The defendant next contends that the trial court erred when it allowed the State to introduce evidence, over objection, that the gun carried by the defendant had been stolen because the State never proved that the defendant was the one who stole the gun or knew that the gun had been stolen. We find that the trial court did not err in admitting the evidence of the stolen gun as this fact was inextricably intertwined with the carrying a concealed firearm and armed burglary charges before the jury. This testimony was necessary to establish the entire context out of which these crimes arose. § 90.402, Fla. Stat. (2005); Griffin v. State, 639 So.2d 966 (Fla.1994).
[E]vidence of uncharged crimes which are inseparable from the crime charged, or evidence which is inextricably intertwined with the crime charged, is not Williams rule evidence. It is admissible under section 90.402 because "it is a relevant and inseparable part of the act which is in issue . . . necessary . . . to adequately describe the deed."
Griffin, 639 So.2d at 968 (citing Charles W. Ehrhardt, Florida Evidence § 404.17 (1993 ed.)). Moreover, even if the trial judge admitted the evidence erroneously, the error was harmless due to the ample evidence of the defendant's guilt. Harmon v. State, 527 So.2d 182 (Fla.1988); see West v. State, 579 So.2d 288 (Fla. 3d DCA 1991).
The defendant raises the issue of whether double jeopardy attaches to his convictions for both armed burglary and carrying a concealed firearm. We agree that the defendant cannot be convicted and sentenced for two crimes involving a firearm that arose out of the same criminal episode and, therefore, double jeopardy barred the defendant from being convicted and sentenced for both armed burglary and carrying a concealed firearm. State v. *490 Stearns, 645 So.2d 417 (Fla.1994); Shaffer v. State, 710 So.2d 79 (Fla. 4th DCA 1998); accord Marion v. State, 526 So.2d 1077 (Fla. 2d DCA 1988).
The convictions and sentences for armed burglary and possession of an altered firearm are affirmed. The conviction and sentence for carrying a concealed firearm is vacated.
Affirmed in part, vacated in part and remanded for re-sentencing.
NOTES
[1] The charge of resisting an officer without violence was nolle prossed by the State.
[2] The carrying a concealed firearm statute provides:

790.01 Carrying concealed weapons.
* * *
(2) A person who carries a concealed firearm on or about his or her person commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
§ 790.01 (2), Fla. Stat. (2002).
[3] The resisting an officer without violence statute provides:

843.02 Resisting officer without violence to his or her person.Whoever shall resist, obstruct, or oppose any officer as defined in s. 943.10(1),(2),(3),(6),(7),(8), . . . in the execution of legal process or in the lawful execution of any legal duty, without offering or doing violence to the person of the officer, shall be guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.
§ 843.02, Fla. Stat. (2002).
[4] The relevant part of the burglary statute is as follows:

Burglary.
* * *
(b) For offenses committed after July 1, 2001, "burglary" means:
1. Entering a dwelling, a structure, or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter . . .
§ 810.02 (b)(1), Fla. Stat. (2002).