# Third District Court of Appeal

## State of Florida

Opinion filed August 13, 2014.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D12-1522
Lower Tribunal No. 11-26818
_____

**Perry Campbell,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Milton Hirsch, Judge.

Carlos J. Martinez, Public Defender, and Robert Kalter, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Robert Martinez Biswas, Assistant Attorney General, for appellee.

Before WELLS, LAGOA, and LOGUE, JJ.

LAGOA, J.

Perry Campbell ("Campbell") was charged with one count of burglary of an unoccupied dwelling and one count of first-degree misdemeanor criminal mischief. At the close of the evidence, defense counsel moved for judgment of acquittal on both counts. The trial court denied the motion, and Campbell was convicted of trespass, as a lesser-included offense of burglary, and criminal mischief, as charged. Because the evidence was legally insufficient to support a charge of criminal mischief, we reverse that conviction but affirm the conviction for trespass.

On appeal, Campbell argues that the trial court erred in denying his motion for acquittal. We review an order denying a motion for judgment of acquittal *de novo*. Jean-Marie v. State, 947 So. 2d 484, 487 (Fla. 3d DCA 2006). "Where the State fails to present sufficient evidence to establish a prima facie case of the charged crime, a judgment of dismissal is required." R.R.W. v. State, 915 So. 2d 633, 635 (Fla. 2d DCA 2005).

A person commits the offense of criminal mischief if he willfully and maliciously damages the real or personal property of another. § 806.13(1)(a), Fla. Stat. (2011). To sustain a conviction for criminal mischief, the State must prove the defendant caused the damage. Valdes v. State, 510 So. 2d 631, 632 (Fla. 3d DCA 1987); see also R.R.W., 915 So. 2d at 635 ("An essential element of . . . criminal mischief is the defendant's willful and malicious causation of damage to the property of another."). "Where the only proof of guilt is circumstantial, no matter how strongly the evidence may suggest guilt, a conviction cannot be

2

sustained unless the evidence is inconsistent with any reasonable hypothesis of innocence." State v. Law, 559 So. 2d 187, 188 (Fla. 1989); see also Mayo v. State, 71 So. 2d 899, 904 (Fla. 1954) ("[E]vidence leaving uncertain which of several hypothesis may be true, or establishing only a probability favoring one hypothesis rather than another, cannot be equal to proof of guilt, no matter how strong the probability may be.").

Here, the State's evidence was entirely circumstantial. Officer Rodriguez and Detective Ryan were the State's only two witnesses. Office Rodriguez testified he was dispatched to a burglary in progress, and once on the scene, he noticed damage to both the apartment's front door and the apartment's door frame. Detective Ryan testified that Campbell told her he entered the apartment through the front door, but Campbell did not say how he gained entry. The photographs admitted into evidence depicted damage to the front door. There was no testimony, however, as to the condition of the door before Campbell entered the apartment nor was there direct evidence that Campbell caused the damage. While the circumstantial evidence against Campbell certainly suggests guilt, the State failed to present substantial, competent evidence from which the jury could exclude any reasonable hypothesis of innocence. See Law, 559 So. 2d at 189 (Fla. 1989) (stating that the State is not required to rebut every possible hypothesis, but must "introduce competent evidence which is inconsistent with the defendant's theory of events").

Because the evidence was legally insufficient to support the charge of criminal mischief, we are compelled to find that the trial court erred in denying Campbell's motion for judgment of acquittal as to that charge. Accordingly, we reverse and remand for the trial court to vacate Campbell's conviction for criminal mischief. We affirm, however, as to Campbell's conviction for trespass.

Affirmed in part; reversed in part with instructions.